UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARGARET PAINTER					JURY TRIAL DEMANDED

v.							CASE NO.  3:13CV

JEANINE DUMONT
LAW OFFICES OF HOWARD LEE SCHIFF, P.C.
PALISADES ACQUISITION XVI, LLC

COMPLAINT

1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Creditor's Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645, the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA), and for vexatious litigation and violation of §52-568.

2.  The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3.  Plaintiff is a resident of Avon CT

4.  Plaintiff had a longstanding Chase account that she used for personal, family and household purposes, when she encountered financial difficulties, including divorce and wrongful termination from her employment. She stopped paying when Chase increased the interest rate to almost 30% despite her explanation of her financial distress, thereby adding to such distress.

5.  Defendant Palisades is a limited liability company incorporated in Delaware, located at 210 Sylvan Avenue, Englewood Cliffs NJ 07632.

6.  From time to time Palisades purchases portfolios of non-performing consumer debt.

7.  In November 2011, Defendants Dumont and Schiff filed a lawsuit against plaintiff on behalf of Palisades, in the Superior Court for the State of Connecticut, No. HHB-CV11-

6013365-S ("the lawsuit").

8. At the time they filed the lawsuit, and at all times since, defendants had no ability to sustain their burden of proof with regard to the allegation that Palisades purchased a Chase account belonging to plaintiff.

9. At the time they filed the lawsuit, defendants had in their possession or control an affidavit, dated January 14, 2011 executed under the penalty of perjury, stating that the account was owed to Palisades Collection, LLC.

10. At the time they filed the lawsuit, defendants had in their possession or control documents showing that neither the state court plaintiff nor Palisades Collection owned the Chase account belonging to plaintiff.

11. In connection with the lawsuit, on March 28, 2012, defendants served a request for admissions on this plaintiff which included requests to admit statements that defendants knew were untrue, such as requesting that Ms. Painter admit that Palisades was the true owner of the account with the right to enforce the underlying debt, that she had no bona fide defense to the allegations in the lawsuit, and that she had no evidence to support her denial that she owed the account as alleged.

12. In connection with the lawsuit, on May 23, 2012, defendants submitted a false affidavit, dated January 14, 2011 executed under the penalty of perjury, in response to discovery stating that the account was owed to Palisades Collection, LLC.

13. In connection with the lawsuit, on May 23, 2012, defendants served incomplete sale documents in discovery that were partially unsigned, but which purported to show that the Chase account had been purchased by Palisades Acquisitions XVIII, LLC, who was not the

plaintiff in the lawsuit.

14. On April 27, 2012, Ms. Painter submitted her responses and objections to the request for admission.

15. On November 1, 2012, defendants filed a sanctions motion based on Ms. Painter's refusal to admit statements that were untrue.

16. Defendants refused to discontinue the lawsuit and persisted in attempting to obtain sanctions, despite request of Ms. Painter's attorney based on the fact that Palisades did not own the account.

17. Defendants withdrew the lawsuit only after Ms. Painter filed a motion to dismiss based on lack of jurisdiction.

18. Plaintiff suffered anxiety and distress because of the oppressive or abusive tactics by defendants, and incurred the expense of hiring counsel to defend the meritless lawsuit.

19. Upon information and belief, defendants engaged in a pattern or practice of suing in the name of an entity that had no interest in the account underlying the suit.

FIRST COUNT

20. In the collection efforts within one year prior to the date of this action, defendants violated the FDCPA, § 1692d, -e, or –f(1).

SECOND COUNT

21. In the collection efforts defendants brought and maintained the lawsuit without probable cause.

THIRD COUNT

22. In the collection efforts, defendant Palisades violated CUTPA and the CCPA by the actions described above.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against each defendant under the FDCPA, plus appropriate statutory, actual and punitive damages against defendants.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

3. Award such other and further relief as law or equity may provide.

THE PLAINTIFF

*Joanne S. Faulkner*

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net